UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FARM BUREAU GENERAL
INSURANCE COMPANY,

               Plaintiff, Counter-Defendant

v.

STEVEN MELTON,

               Defendant, Counter-Claimant,
               Cross-Claimaint,

v.

CHICO'S FAS, INC., BLUE CROSS
BLUE SHIELD,.and GADISON-
HERRING AGENCY, INC.,

               Cross-Defendants.

_____/

File No. 1:14-CV-997

HON. ROBERT HOLMES BELL

# O P I N I O N

This matter is before the Court on Plaintiff Farm Bureau's Motion to Remand (ECF No. 9) its complaint for declaratory judgment back to the Circuit Court for the County of Kent, Michigan. Defendant Steven Melton filed a response in opposition, claiming that federal courts have exclusive jurisdiction over the action. (ECF No. 10). For the reasons discussed below, the Court grants Farm Bureau's Motion to Remand, and its Complaint is remanded to state court.

## I. BACKGROUND

This case arises from Melton's August 11, 2011, automobile accident in Ottawa

County, Michigan. At the time of the accident, Melton, a Michigan resident, was insured under a no-fault automobile insurance policy issued by Farm Bureau. (State Court Compl. ¶ 6, ECF No. 1.) The policy was issued on a coordinated basis pursuant to Section 500.3109a of Michigan Compiled Laws. (*Id.*)

At the time of his accident, Melton was eligible for benefits under the medical plan of his employer Chico's FAS, Inc. ("Chico's plan"), a medical plan administered by Blue Cross Blue Shield. (*Id.* ¶ 7, Def.'s Br. 10, ECF No. 10, Def.'s Cross-cl. & Countercl. ¶ 18, ECF No. 4.) The Chico's plan is a self-funded welfare benefit plan established under the provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* (*Id.* ¶¶ 7, 12). The Chico's plan expressly provides that its coverage is primary to Melton's coverage under his no-fault automobile insurance policy from Farm Bureau. (*Id.* ¶ 8.) The Chico's plan also contains a contractual subrogation and/or reimbursement provision permitting the plan to recover from Melton the sums he may receive in a claim against the at-fault driver. (*Id.* ¶ 11.)

The circumstances surrounding Melton's automobile accident gave rise to a claim for non-economic damages from the at-fault driver, a claim that is pending in the Kent County Circuit Court. (*Id.* ¶ 10.) The Chico's medical plan, which has paid primary medical expenses totaling $32,256.40 as of May 2014, continues to pay Melton's automobile accident related medical bills, and Farm Bureau continues to pay its excess obligations. (*Id.* ¶¶ 9, 13.) Chico's plan has asserted a subrogation lien against Melton to recover those expenses from the

pending tort claim, and Melton has requested that Farm Bureau honor the lien, suggesting that Farm Bureau is obligated to indemnify Melton against the Chico's plan claim. (*Id.* ¶ 14.)

On August 28, 2014, Farm Bureau filed a declaratory judgment action against Melton in the Circuit Court for the County of Kent, Michigan, No. 14-07999, alleging that under Michigan law, Melton is only entitled to excess benefits from Farm Bureau. (*Id.* ¶ 15.) Farm Bureau further alleges that under Michigan law, to the extent Melton's claim against the at-fault driver or for benefits under an underinsured motorist policy results in a judgment or settlement and the Chico's plan asserts a subrogation or reimbursement claim against those sums, Melton is not entitled to seek indemnification from Farm Bureau. (*Id.* ¶ 16, citing *Dunn v. Detroit Auto. Inter-Ins. Exch.,* 657 N.W. 2d 153 (Mich. Ct. App. 2002).) Farm Bureau requested a declaratory judgment that Farm Bureau is "not obligated to indemnify the Defendant nor any other party against a reimbursement or subrogation claim asserted by his primary health plan." (*Id.* ¶ 16.a.)

On September 23, 2014, Melton removed Farm Bureau's Complaint for Declaratory Judgment to this Court, alleging that Farm Bureau's claims fall exclusively within this Court's original jurisdiction pursuant to 28 U.S.C. § 1331 because this action is subject to Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(3). (Notice of Removal ¶ 8, ECF No. 1.)

On September 30, 2014, Farm Bureau filed this Motion to Remand (ECF No. 9), contending that its declaratory judgment action makes no allegation seeking judgment or

3

relief under ERISA, or any federal law; that the state court has proper jurisdiction over this matter; and that Melton improperly removed this action in an attempt to secure a more favorable forum. (*Id.* ¶¶ 7, 11, 14.) On October 17, 2014, Melton filed a response to the motion to remand, emphasizing that Farm Bureau's declaratory judgment action arises only because "plaintiff is seeking declaratory relief for money owed **directly from the payment made by The ERISA Plan** [i.e., the Chico's plan]." (Def.'s Br. 3, ECF No. 10 (emphasis in original).)

On September 24, 2014, Defendant Melton filed a counter-complaint and cross-complaint for declaratory relief, naming Chico's, Blue Cross Blue Shield, and Gadison-Herring Agency[1] as parties. Melton argues that "[w]ithout the ERISA Plan as a party, there would be no one to reimburse and the indemnification Farm Bureau seeks would be fruitless. Since this is an issue of subrogation rights under ERISA, a federal law, this action belongs in federal court as this presents a federal question." (Def.'s Br. 1, ECF No. 10.)

## II. ANALYSIS

A motion to remand requires the Court to inquire whether it has original jurisdiction over a case. *See* 28 U.S.C. §§ 1441, 1447. "Unlike state trial courts, [federal courts] do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). "When a party opts to file a

---

[1] Gadison-Herring Agency purportedly sold the Farm Bureau insurance policy to Melton. (Def.'s Cross-cl. & Countercl. ¶ 34.)

4

complaint in state court, the federal courts must honor that choice unless Congress has authorized removal of the case." *Id.* (citing *Rivet v. Regions Bank of La.*, 522 U.S. 470, 474 (1998); 28 U.S.C. § 1441(a)). "Absent diverse parties or absent one of the other express (though rarely relied upon) grounds for removal—none of which applies here—the defendant may take the dispute to federal court only if the plaintiff's claim 'aris[es] under' federal law, 28 U.S.C. § 1441(b)." *Id.* (citing *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (en banc)). A defendant who wishes to remove his or her case to federal court has the burden to prove that the Court possesses jurisdiction. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993)).

Defendant Melton removes on a theory of federal question jurisdiction, pursuant to 28 U.S.C. § 1331. "To determine whether a claim arises under federal law, a court, under the 'well-pleaded complaint' rule, generally looks only to the plaintiffs's complaint." *Palkow v. CSX Transp., Inc.* 431 F.3d 543, 552 (6th Cir. 2005) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936); *Louisville & N.R. Co. v. Mottley*, 211 US 149 (1908)). Where the action is for declaratory judgment, the Court looks to the underlying cause of action to determine the presence of a federal question. *Severe Records, LLC v. Rich*, 658 F.3d 571, 580–81 (6th Cir. 2011) (citing *Stuart Weitzman, LLC v. Microcomputer Res., Inc.,* 542 F.3d 859, 862 (11th Cir. 2008)).

Farm Bureau's complaint seeks a declaratory judgment pursuant to Michigan's No-

Fault Insurance Act, Mich. Comp. Laws. § 500.3101 *et seq*. that, under the terms of Defendant Melton's insurance policy with Farm Bureau, Farm Bureau is not obligated to indemnify Melton against a reimbursement or subrogation claim asserted by his primary health plan. The underlying cause of action is in the nature of a breach of contract. There is no federal question that requires resolution in order to determine whether Farm Bureau has an obligation to pay under the terms of its policy.

This Court addressed the identical legal issue in *Allstate Insurance, Co. v. Nowakowksi*, 861 F. Supp. 2d 866 (W.D. Mich. 2012) (Neff, J.). In that case, automobile insurer Allstate Insurance brought an action in Michigan state court against motorist Ms. Nowakowski, seeking a declaratory judgment that Allstate was not obligated to indemnify her against a subrogation or reimbursement claim asserted by her Pfizer medical plan, which was established under ERISA. *Id.*, 868–69. Judge Neff ruled that Pfizer's status as an ERISA plan did not give rise to a question of federal law because Allstate's complaint under Michigan's No-Fault Insurance Act did not request any ruling relevant to the ERISA plan:

> The cause of action anticipated by Allstate (the declaratory judgment plaintiff) does not arise under federal law. Nowakowski's entitlement to recover medical benefits under her no-fault policy is a state-law issue. *See generally Dunn,* 657 N.W.2d at 158–161 (applying Michigan's "most fundamental insurance jurisprudence rule," to wit: that an insurer can never be held liable for a risk it did not assume and for which it did not charge or receive a premium); *Shields v. Gov't Employees Hosp. Ass'n, Inc.,* 450 F.3d 643 (6th Cir. 2006), overruled in part on other grounds by *Adkins v. Wolever,* 554 F.3d 650 (6th Cir. 2009). While Allstate's contractual obligations are contingent on the validity of Pfizer's subrogation lien, that contingency does not alone support the exercise of jurisdiction. Courts in declaratory judgment actions "should focus on 'the practical likelihood that the contingencies will occur. . . .'"

> *Associated Indem. v. Fairchild Indus.,* 961 F.2d 32, 35 (2d Cir. 1992) (quoting
> 10B Charles Alan Wright et al., Fed. Practice & Procedure Civil § 2767 (3d
> ed. 2012)).

*Id.* at 871–72. Judge Neff also rejected Defendant Nowakowksi's attempt to transpose the action for declaratory judgment into a coercive action by naming Nowakowski as a plaintiff and adding Pfizer as a party to the litigation. *Id.*

Defendant Melton's case rests on the same theory as the defendant's in *Allstate.* Farm Bureau's obligations under its policy are contingent on the validity of the Chico's plan lien, an ERISA plan. However, the Farm Bureau's obligations do not present a question of federal law. Moreover, Melton attempts to name Chico's, Blue Cross Blue Shield, and Gadison-Herring Agency as parties, and he has filed counterclaims and cross-claims. For the reasons explained by this Court in *Allstate*, the Court concludes that it does not possess jurisdiction pursuant to § 1331 over the action for declaratory judgment nor the claims or parties added by Defendant Melton.

### III. CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's Motion to Remand. The Court remands Farm Bureau's Complaint for Declaratory Judgment back to the Circuit Court for Kent County, Michigan, from which it was removed. The Court will issue an order consistent with this opinion.

Dated: <u>October 27, 2014</u>            <u>/s/ Robert Holmes Bell</u>
                                ROBERT HOLMES BELL
                                UNITED STATES DISTRICT JUDGE